## CALEB WINFREY, Respondent, v. ALEXANDER RAGAN et al., Appellants.

### Kansas City Court of Appeals, March 1, 1909.

**BILLS AND NOTES: Delivery: Consideration: Evidence: Instruction.** The defense to certain notes was non-delivery and want of consideration. It is held that while there was substantial evidence supporting non-delivery yet such evidence was not conclusive but raised issues for the triers of fact and these issues being properly submitted to the jury, the verdict binds.

Appeal from Jackson Circuit Court.—*Hon. Thomas H. Reynolds,* Special Judge.

AFFIRMED.

*Thos. H. & Verne D. Edwards,* for appellants, submitted argument.

*Bordand & Pew* for respondent.

The appellate court will not weigh the testimony in an action at law. Bond v. Railroad, 122 Mo. App. 212; Crouch v. Colbert, 111 Mo. App. 93; McKee v. Verdin, 96 Mo. App. 268; Woodard v. Coney, 111 Mo. App. 161; Bockman Com. Co. v. Kilbourne, 111 Mo. App. 542; Shoe Co. v. Sally, 114 Mo. App. 222; Bohle v. Mercantile Co., 114 Mo. App. 439; Conrad v. Railroad, 116 Mo. App. 517; Whitsett v. Ranson, 79 Mo. 258.

JOHNSON, J.—Action on two negotiable promissory notes, each dated July 19, 1897, and payable on or before six months after date at the Bank of Grand Avenue, Kansas City. The principal of the note pleaded in the first count is $340, that of the note pleaded in the second count, $240. Both are signed by defendants, Etha Ragan and Alexander Ragan, who are husband and wife. The first note is made payable to the order of plaintiff, the second to his son, N. B. Winfrey, who indorsed and transferred it to plaintiff before the bringing of the suit. In the answer defendants admit the execution of the notes, but deny that plaintiff is the legal owner and holder of them. Further, defendants allege: "That no consideration ever passed from plaintiff to defendants for said notes or either of said notes. That said notes were executed by defendants and placed in escrow (with a contract between plaintiff and defendants simultaneously executed), in the Bank of Grand Avenue, southeast corner of Fourteenth street and Grand avenue, Kansas City, Mo., said notes and contract to be left in escrow until the performance by plaintiff of the conditions, acts and things mentioned and described in said contract. That plaintiff never performed any act or thing mentioned in said contract as the consideration for said notes and that said notes have never been delivered to plaintiff by defendants or any one authorized by defendants to deliver same to

plaintiff and plaintiff illegally and upon misrepresentation of facts to the officers of said bank obtained said notes and contract without the knowledge or consent of the defendants."

The reply is a general denial. The evidence of plaintiff tends to show that the notes were executed and delivered to him in payment of money borrowed of him by defendants and that he deposited the notes in the Bank of Grand Avenue for collection. The evidence of defendants is to the effect that the notes were not delivered to plaintiff but were executed for the purpose of paying the purchase price of quitclaim deeds which plaintiff was to execute in favor of defendants' two lots in Kansas City; that the notes were deposited in the bank under the terms of a written agreement signed by the parties which required them to be delivered to plaintiff on the delivery by him to the bank of the quitclaim deeds and that plaintiff failed to deliver the deeds. Verdict and judgment were for plaintiff on both counts of the petition.

The principal contention of defendants is that the judgment is not supported by substantial evidence, but we find that it is. The written contract made by the parties the day after the notes were executed is consistent with the theory of each. It is as follows:

"KANSAS CITY, Mo., July 20th, 1897.

"It is hereby agreed by and between Caleb Winfrey and Etha Ragan, Alexander Ragan, that the deeds made and executed on this date to Lots 39 and 40, Block 5, Mount Auburn, are to be placed in the Bank of Grand Avenue, together with this contract and neither party is to receive them without the consent of both parties, or if a certain note given this date by Etha Ragan and Alexander Ragan is fully paid, amounting to $240, given this date, said bank is authorized to deliver the deed to Lot 39, Block 5, Mount Auburn, to said Etha or Alexander Ragan, or their order, and that under like

conditions the note of $340 also given this date, being paid in full, the deed to Lot 40, Block 5, Mount Auburn, shall be delivered in like manner, and said bank is authorized to deliver same under such conditions.

"CALEB WINFREY,

"ETHA RAGAN,

"ALEXANDER RAGAN."

It appears that defendants owned the lots described, subject to a deed of trust for $2,800, which the holder—a stranger to this suit—was entitled to foreclose as default had occurred; and that plaintiff held tax deeds to the lots. Plaintiff testified that the deeds referred to in the contract were deeds conveying the equity of redemption which defendants agreed to execute and deposit as security for the notes and that defendants failed to perform that agreement. Afterwards the lots were sold under the deed of trust.

It is conceded that though N. B. Winfrey was made the payee of the second note, he had no real interest in the transaction but was acting for plaintiff. The burden of proof was on the defendants to show that the notes were not delivered to plaintiff but were wrongfully obtained by him from the bank and that they were unsupported by a sufficient consideration. The evidence adduced by defendants on these issues is substantial, but by no means conclusive. It sufficed only to raise issues of fact which it was the province of the triers of fact to settle. The instruction properly submitted these issues to the jury and since the verdict rests on substantial evidence, we find no occasion to interfere.

The judgment is affirmed. All concur.